Grant H. Lawson WSB #6-4260
Tamara Schroeder Crolla #6-3976
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY  82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com
tami@metierlaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | | |
|---|---|---|
| TRISHIA KIRKLAND, as Personal Representative of the Wrongful Death Estate for Paul B. Wizamiar, | ) ) ) ) | |
| Plaintiff, | ) ) ) | **CIVIL NO.**21-cv-192 |
| vs. | ) ) | |
| MILLING PAVING AND CONCRETE, LLC, a Colorado Limited Liability Company, JOSE GARCIA ENRIQUEZ, individually, and JESUS P. MARTINEZ, individually, and John Does and John Doe Corporations, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT AND JURY DEMAND

Plaintiff, by and through her attorneys Grant H. Lawson and Tamara Schroeder Crolla of the Metier Law Firm, LLC, for their claims for relief against the Defendants Milling Paving and Concrete, LLC, Jose Garcia Enriquez and Jesus Martinez and John Does and John Doe Corporations state and allege as follows:

1

## PARTIES

1. At all times relevant to the facts alleged in this Complaint, Plaintiff was a resident of the State of Ohio. Plaintiff is the surviving daughter of the decedent, Paul B. Wizamiar, and was appointed as the Wrongful Death Personal Representative in the Eighth Judicial District Court for Converse County, Wyoming on July 16, 2021.

2. Defendant Milling Paving and Concrete, LLC., ("MPC") is a for-profit limited liability company organized and existing under the laws of the State of Colorado with its principal place of business at 800 East 73rd Avenue, Unit 1, Denver, Colorado, 80229.

3. At all times relevant hereto, Defendant MPC was an interstate motor carrier authorized by the U.S. Department of Transportation to operate commercial motor vehicles for profit throughout the United States, including the State of Wyoming, with the USDOT# 1366566.

4. Upon information and belief, Defendant Jose Garcia Enriquez is the sole member and manager of Milling Paving and Concrete, LLC and the registered owner of the dump truck involved in the incident described below. Mr. Garcia Enriquez was at all times relevant a resident of Denver, Colorado.

5. Upon information and belief, Defendant Jesus P. Martinez ("Martinez") was employed by Defendant MPC and was at all times a resident of Colorado.

6. Defendants John Does and John Doe Corporations by and through their negligence contributed to the damages of the Plaintiff. The identity of any additional negligent parties are unknown to the Plaintiff despite Plaintiff's best efforts to identify additional parties.

**JURISDICTION & VENUE**

7. Plaintiff incorporates by reference all statements contained in the numbered paragraphs above.

8. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This Court has both personal and subject matter jurisdiction.

9. Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Converse County, Wyoming.

**GENERAL STATEMENTS OF FACT**

10. Plaintiff incorporates by reference all statements contained in the numbered paragraphs above.

11. On October 22, 2020, Jesus Martinez was employed by Defendant MPC and acting within the course and scope of his employment.

12. On October 22, 2020, Mr. Martinez was driving a 1998 Blue Kenworth Dump Truck, VIN 1XKDD69X8WR772389, License Plate 350MQH, which was registered to Defendant Jose Garcia Enriquez. The dump truck's gross vehicle weight ("GVW") was between 10,001 and 26,000 pounds and is classified as a commercial motor vehicle "(CMV)" under the Federal Motor Carrier Safety Administration regulations ("FMCSR").

13. On October 22, 2020, Mr. Martinez did not possess a commercial drivers' license ("CDL") and was not authorized or qualified to operate CMVs on public roadways.

14. Upon information and belief, Defendants MPC and Garcia Enriquez provided the dump truck to Defendant Jesus Martinez to use in the regular course and scope of his employment.

15. On October 22, 2020, Decedent, Paul B. Wizamiar was driving his 1998 Silver Chevrolet S-10 south-bound on Interstate 25. He was headed home to North Carolina from a hunting trip in Idaho. Near mile-marker 144 and not far from Douglas, Wyoming, Mr. Wizamiar encountered icy road conditions which caused his vehicle to leave the roadway. Mr. Wizamiar exited his vehicle which was stopped off the side of the road.

16. At about the same time, approximately 8:00 p.m. on October 22, 2020, Defendant Martinez was driving Defendant Garcia Enriquez's 1998 Blue Kenworth Dump Truck southbound on Interstate 25 and was approaching Mr. Wizamiar's location.

17. At the time of the crash, the weather was snowing and blowing snow and the roads were icy and snow-covered.

18. The Federal Motor Carrier Safety Regulations required the use of extreme caution in the dangerous weather conditions.

19. Defendant Martinez, without proper training and licensure, was driving too fast for the icy and blowing snow conditions and lost control of the dump truck which left the highway and crashed into Mr. Wizamiar, crushing him between the vehicles and killing him.

20. Defendant Martinez's actions including, but not limited to, driving a CMV without a CDL and driving too fast for conditions of icy road surface and reduced visibility due to snow and blowing snow, were voluntary and willful. Defendant's actions were done in reckless disregard of the consequences and under such conditions that a reasonable person would know, to a high degree of probability, that serious injury or death would occur in any collision.

21. Defendant MPC has a duty to adequately screen, hire, train, and supervise its drivers in a manner which ensures safety on public highways.

22. Defendant MPC has a duty not to require or permit any person to drive a CMV unless that person is qualified to drive a CMV.

23. Defendant MPC approved of, and ratified, Defendant Martinez's driving conduct; to wit: MPC knew Mr. Martinez did not possess a CDL and required him to drive a CMV without, thus knowingly directing him to drive in a manner that violated state and federal law.

24. Defendant MPC has (and at all times material had) a duty to ensure Defendant Martinez was able to safely perform the duties for which he was responsible behind the wheel of a commercial motor vehicle.

25. At all times material hereto, Defendant MPC's driver was driving a commercial motor vehicle in interstate commerce and was subject to Wyoming traffic laws and trucking safety regulations, as well as the Federal Motor Carrier Safety Regulations.

26. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff suffered injuries, damages, and losses.

## FIRST CAUSE OF ACTION:
## DIRECT NEGLIGENCE OF DEFENDANT MPC

27. Plaintiff alleges and incorporates by reference herein all of the allegations contained in this Complaint and further alleges as follows:

28. Defendant MPC had a duty of reasonable care owed to Decedent and other members of the public to not require or permit an unqualified person to drive a CMV on public roadways while in their employ.

29. Upon information and belief, Defendant MPC breached its above mentioned duty by willfully, wantonly, knowingly, and recklessly directing or requiring a person who did not have a

commercial driver's license to drive a commercial motor vehicle in violation of state and federal law and regulations.

30. Defendant MPC knew or should have known that placing an unqualified driver behind the wheel of a CMV and directing him to drive the CMV in hazardous conditions would, to a high degree of probability, result in substantial harm to another.

31. As a direct and proximate result of Defendant MPC's willful and wanton conduct in requiring an unqualified person to drive its CMV in the furtherance of interstate commerce, in dangerous weather conditions, in violation of state and federal law, Plaintiff's father was killed and the claimants have suffered damages and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## SECOND CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT MARTINEZ

32. Plaintiff re-alleges and incorporates by reference all statements and allegations contained in the numbered paragraphs above and further alleges as follows:

33. Defendant Martinez is independently liable for his own acts and omissions.

34. To the extent Defendant Martinez may have been driving on behalf of an unknown business entity at the time of the collision, this Complaint shall be construed as alleging a cause of action against such entity.

35. At all relevant times, Defendant Martinez owed certain duties of care to members of the driving public, including the Decedent.

36. Defendant Martinez was negligent, reckless, willful and wanton in at least the following specific ways:

  a. Driving a CMV without a CDL in violation of multiple state laws and the Federal Motor Carrier Safety Administration;

  b. Failing to maintain a proper lookout;

  c. Driving too fast for conditions;

  d. Failure to use extreme caution under FMCSR § 392.14

  e. Failing to keep his vehicle under control;

  f. Failing to abide by the basic rules of the road;

  g. Driving his vehicle in reckless disregard for the safety of other people on the road;

  h. Failing to exercise care and caution;

  i. Failing to adhere to safe driving principles expected of licensed commercial truck drivers;

  j. Failing to operate his CMV in accordance with generally accepted safety principles and practices of the trucking industry;

  k. Failing to operate his CMV in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

  l. Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

37. Defendant Martinez's negligent conduct proximately caused the collision at issue in this case.

38. As described herein and above, Defendant Martinez's actions were negligent, reckless, willful and wanton.

39.     As a direct and proximate result of the acts and omissions of the Defendant as alleged herein, Decedent was killed and the Plaintiff suffered damages and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

40.     Upon information and belief, Defendant Martinez was in the course and scope of his employment with Defendant MPC at the time of the fatal crash.  Under the doctrine of respondeat superior, Defendant MPC is vicariously liable for the negligence of its employee.

## THIRD CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING & SUPERVISION - DEFENDANT MPC

41.     Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further allege as follows:

42.     Defendant MPC had a duty of reasonable care owed to Decedent and other members of the public:

   a. to hire competent, qualified, and safe employees;

   b. to properly supervise and direct its employees in the operation of their jobs;

   c. to properly train its employees;

   d. to provide safe and effective equipment which permits employees to safely operate on the roadways; and

   e. to monitor road and weather conditions and to timely alert their drivers to allow them to reroute or suspend travel to avoid hazardous road and weather conditions.

43.     Upon information and belief, Defendant MPC breached its above mentioned duties by failing to exercise reasonable care in the hiring, supervision, direction, equipping, and training of Mr. Martinez, specifically including but not limited to:

a. Willfully, wantonly, knowingly, and recklessly failing to properly supervise and reroute its Driver to avoid hazardous and unsafe road and weather conditions;

b. Failing to properly train its employees in the safe and proper operation of CMVs, specifically but not limited to, training in avoiding hazardous and unsafe road conditions and to abide by all laws, regulations and industry standards for the safe operation of commercial motor vehicles in hazardous road and weather conditions;

c. Failing to reroute their employee to avoid hazardous road and weather conditions when their presence on the highway created additional hazard and foreseeable risk of injury to its employees and members of the public.

44. Defendant MPC's actions and omissions in failing to properly train, direct, supervise, and route its employees were the proximate cause of injuries, losses, and damages suffered by the Plaintiff.

45. As a direct and proximate result of Defendant MPC's negligent hiring, supervision, direction, and training of Mr. Martinez, Mr. Wizamiar was killed and the Plaintiffs damages and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## FOURTH CAUSE OF ACTION:
## NEGLIGENT ENTRUSTMENT – JOSE GARCIA ENRIQUEZ

46. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further allege as follows:

47. Upon information and belief, Defendant Jose Garcia Enriquez was the owner of the dump truck Mr. Martinez was driving the day of the fatal crash.

48. Defendant Jose Garcia Enriquez failed to exercise ordinary care in the entrustment of his commercial motor vehicle to Jesus Martinez on the day in question.

9

49.     Defendant Garcia Enriquez knew or should have known that Mr. Martinez did not possess a CDL and was not qualified to drive commercial motor vehicles and not competent to safely operate CMVs in interstate commerce, and that Mr. Martinez was likely to use the vehicle in a matter involving unreasonable risk of harm to himself and others.

50.     As a direct and proximate result of Defendant Garcia Enriquez's negligent entrustment of the CMV to Mr. Martinez, Decedent was killed and the Plaintiff suffered damages and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## DAMAGES

51.     Plaintiff alleges and incorporates by reference herein all of the allegations contained in paragraphs above and further allege as follows:

52.     As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Paul B. Wizamiar was killed.

53.     Defendants' acts and omissions deprived Mr. Wizamiar's relatives of the relationship they would have enjoyed with him for the rest of his natural life.  This action is brought of those relatives' behalf, including Mr. Wizamiar's daughter, grandchildren and siblings.

54.     The acts, omissions and conduct of the Defendants were reckless, willful, wanton and committed in utter disregard for the rights and interests of the Plaintiff, and represent such a departure from the ordinary standard of care that they amounted to willful and wanton misconduct that exemplary and punitive damages should be awarded in an amount sufficient to punish the defendants and to make an example of them to deter similar conduct in the future.

55.     In accordance with Wyoming law, Plaintiff requests that a jury fix such damages as it deems fair and just at trial, and in favor of every person for whose benefit this action is brought

including damages for the loss of probable future companionship, society, support, and comfort that they would have enjoyed with Paul B. Wizamiar during their natural lives.

## JURY DEMAND

Plaintiff hereby respectfully request a jury trial on all issues presented by the above Complaint.

**WHEREFORE**, Plaintiff prays that Judgment be entered in favor of Plaintiff and against Defendants; that Plaintiff be awarded all damages that are fair and just, and exemplary damages, in an amount supported by the allegations in this Complaint and the evidence adduced at trial; and that Plaintiff be awarded costs and interest, and such other and further relief as the Court deems just and equitable.

DATED this 6th day of October 2021

_____
Grant H. Lawson WSB #6-4260
Tamara Schroeder Crolla #6-3976
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY  82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com
tami@metierlaw.com